### In re CRESCENT ATHLETIC CLUB OF BROOKLYN, Inc.

No. 34675.

District Court, E. D. New York.

May 21, 1940.

John P. Carroll, of Brooklyn, N. Y., for claimant.

David C. Bennett, of New York City, and Samuel C. Duberstein, of Brooklyn, N. Y., for trustee.

Theodore Stitt, of Brooklyn, N. Y., referee in bankruptcy.

GALSTON, District Judge.

The bankrupt is a membership corporation. Prior to the filing of the petition in bankruptcy it had maintained an employees' disability fund, pursuant to provisions of its by-laws. At the time of the filing of the petition the fund amounted to $6,431.94 and payments were being made therefrom to but three named persons: Barney Stahl, J. H. Kenney and Anna Fitzgerald.

The trustee in bankruptcy obtained from the referee an order to show cause directing all other persons who claimed any interest in the fund to file claims. Pursuant to notice, Michael J. Cosgrove thereafter filed a proof of claim wherein he set forth that the bankrupt at the time of the filing of the petition in bankruptcy was indebted to him in the sum of $100 per month from April 1, 1939, or "from the date of the appointment of Warren I. Lee as Trustee". He recites that he entered the employ of the bankrupt club on or about May 22, 1896, and remained continuously in its employ to the date of the appointment of the trustee on May 17, 1939; and that for the period of ten years preceding he had been employed as manager of the club in Brooklyn, New York. He avers that since the appointment of the trustee he made efforts to obtain employment in other clubs, but unsuccessfully. He claims to be entitled to share in the fund by virtue of Article XII of the by-laws which provides:

"Sec. 1. Establishment. An Employees' Disability Fund is established for the purpose of accumulating funds for the payment of disability allowances to Club employees as hereinafter provided.

"Sec. 2. Subscriptions. Not less than twenty-five per cent of all subscriptions to the Summer Fund and the Christmas Fund shall, when paid, be transferred to this fund.

"Sec. 3. Retirement. Any employee, after fifteen years of continuous service with the Club, may be retired by the Governing Committee on satisfactory evidence that the employee is incapacitated for further duty.

"Sec. 4. Rate. Disability allowance to such retired employee shall be at the rate of two and one-half per cent for each year of continuous service, of the average yearly salary of the employee for ten years prior to the retirement, but such allowance shall in no case exceed the sum of One Hundred Dollars per month.

"Sec. 5. Idem. Emoluments received by employees from the Summer and Christmas Funds or by way of bonus shall not be considered in computing the average salary on which disability allowance shall be based.

"Sec. 6. Sickness, Accident. Any employee, temporarily incapacitated for duty, by reason of sickness or accident, may by action of the Governing Committee receive payments from this fund of such amounts as said Committee may determine.

"Sec. 7. Deficit. Any deficit in the Disability Fund shall be charged to the general operating expense of the Club in the fiscal period during which the deficit may occur.

"Sec. 8. Custodian. The Treasurer of the Club shall be the custodian of this fund and he may invest the same or any part thereof in such securities as the Finance Committee shall approve."

The trustee objected to the claim on the ground that there was no money owing to Cosgrove and also because he was not entitled to share in the employees' disability fund. The referee sustained the objections of the trustee and disallowed the claim.

The trustee now moves for confirmation of the referee's order. In the course of the hearing the referee ruled, and in my opinion correctly, that the rights to the fund were to be measured as of the date of the filing of the petition in bankruptcy. Cosgrove could not show that at that time he fell within the provision of Sec. 3 of Article XII of the by-laws, for he had not been retired by the governing committee on evidence that he was incapacitated for further duty.

Nor did he fall within the provisions of Sec. 6 of the same article, for it did not appear that at that time he was temporarily or otherwise incapacitated for duty by reason of sickness or accident, nor had there been any action taken by the governing committee in respect thereto.

The record before the referee also discloses that it was the practice of the club to distribute from the Summer Fund and the Christmas Fund (i. e. the source of the employees' Disability Fund) to all employees of the club, with the exception of the manager and assistant manager. Moreover, the minutes of the governing committee of the club show that the compensations of the manager and assistant manager were fixed with specified exclusion of any benefits from the Summer and Christmas Fund.

The claimant now contests the jurisdiction of the court and contends that the Supreme Court of the State of New York has control of this fund, pursuant to Secs. 11, 12 and 13 of the Personal Property Law of the State of New York, Consol.Laws, c. 41. The pertinency of the reference is not seen.

While it is entirely clear from the foregoing that the claimant Cosgrove has no right to participate in the distribution of the balance of the fund, it is respectfully suggested that the right of the trustee to make distribution of the balance among other employees of the club, not falling within the disability fund provisions, is open to question. It would seem that perhaps this unexpended balance should revert to the general fund of the bankrupt, since there is no beneficiary left who is entitled by virtue of the trust to share therein. Restatement of the Law, Trusts, Sec. 345, Subdivision 1, states: "Ordinarily it is provided by the terms of the trust to whom the trustee should convey the trust property on the termination of the trust. If upon the termination of the trust there is no beneficiary entitled to the trust property, the trustee, if he still holds the title to the trust property, holds it upon a resulting trust for the settlor or his estate, (Secs. 411, 430) and it is the duty of the trustee to convey the trust property to the settlor or to the person who has succeeded to his interest."

The order of the referee rejecting the Cosgrove claim is affirmed. Settle order on notice.